**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel*. ROBERT A. CUTLER,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORP. *et al*.,<br><br>Defendants. | 17 Civ. 7515 (KMK)<br><br><br>**UNDER SEAL**<br><br>[PROPOSED] ORDER |

IT IS HEREBY ORDERED, that for good cause shown pursuant to 31 U.S.C.

§ 3730(b)(3), the time for the United States to notify this Court of its decision whether to

intervene in the above-captioned action, or decline to do so, is hereby extended by six months, to

and including December 4, 2018.

The complaint, orders, and all other documents submitted to the Court shall remain

under seal during that period and until further order of the Court.

Dated:    White Plains, New York
          June **4**, 2018

SO ORDERED:

_____
HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, Third Floor*
*New York, New York 10007*

June 4, 2018

### CASE UNDER SEAL

**BY FEDERAL EXPRESS**

Hon. Kenneth M. Karas
Charles L. Brieant U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:   *U.S.* ex rel. *Cutler v. Cigna Corp.* et al., 17 Civ. 7515 (KMK) (**Under Seal**)

Dear Judge Karas:

        This Office represents the United States (the "Government") in the above-referenced *qui tam* action filed under seal pursuant to the False Claims Act (the "FCA"), 31 U.S.C. § 3729 *et seq.* On behalf of the Government, we write respectfully to request that the seal as well as the time for the Government to decide whether or not to intervene be extended by six months, *i.e.*, from June 4 to December 4, 2018. Relator consents to this request.[1]

        We enclose an *ex parte* report that describes our Office's recent and upcoming investigative steps. For the reasons set forth in that report, we respectfully submit there is good cause to extend the seal. Accordingly, we also enclose a proposed order extending the seal by six months. In the event the Court approves the proposed seal extension order, we respectfully request that the Court (*i*) enter that order under seal, and (*ii*) provide us with a copy of the order (and we enclose a self-addressed envelope for that purpose).

        We thank the Court for its consideration of this seal extension request.

        Respectfully,

        GEOFFREY S. BERMAN
        United States Attorney

By: _____

        LI YU
        RACHAEL L. DOUD
        Assistant United States Attorneys
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel: (212) 637-2734/3274

---

[1]    Since the time of our last report to the Court, the *qui tam* relator in this matter has retained counsel, and his counsel has given consent to this extension request.

Encls. (2)

cc:     (by e-mail and without *ex parte* status report)

Marlene Khoury, Esq.
Constantine Canon LLP
*Counsel for the Relator*

GEOFFREY S. BERMAN
United States Attorney
By:     LI  YU
          RACHAEL L. DOUD
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. (212) 637-2734/3274

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>      *ex rel*. ROBERT CUTLER,<br><br>                    Plaintiff,<br><br>          v.<br><br>CIGNA CORP. *et al*.,<br><br>                    Defendants. | 17 Civ. 7515 (KMK)<br><br>  **UNDER SEAL**<br><br><br>***EX PARTE* STATUS REPORT OF THE GOVERNMENT AND STATEMENT IN SUPPORT OF ENTRY OF AN ORDER** |

The United States (the "Government"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submits this *ex parte* status report to advise the Court of the basis for a request for an extension of the seal in the above-captioned *qui tam* matter.  As explained more fully below, the Government seeks this extension in order to continue its investigations of the allegations of fraud in the *qui tam* complaint and to make an informed decision as to whether or not to intervene and take over the prosecution of this matter pursuant to 31 U.S.C. § 3730(b)(4).  We submit that good cause exists to extend the seal for six months, from June 4 to and including December 4, 2018.  The relator consents to this request for an extension.

<u>**STATUTORY FRAMEWORK**</u>

Under the False Claims Act (the "FCA"), 31 U.S.C. § 3729 *et seq*., complaints by *qui tam* relators must be filed under seal and shall "not be served on the defendant until the court so

orders." *Id.* § 3730(b).  The FCA also expressly provides, first, that the Government has sixty

days from the date of its receipt of the relator's complaint and disclosure statement to elect to

intervene and proceed with the action, *see id.*; and, second, that the Government may obtain

extensions of this sixty-day period where "good cause" is shown, *id.* § 3730(b)(3).  The

principal purpose of these provisions is to provide "the Government an adequate opportunity to

fully evaluate the private enforcement suit and determine both if that suit involves matters the

Government is already investigating and whether it is in the Government's interest to intervene

and take over the civil action." *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998–99

(2d Cir. 1995) (internal quotation marks omitted).

## BACKGROUND AND SUMMARY OF THE RELATOR'S ALLEGATIONS

Relator Robert Cutler owns a minority share of, and serves as the general counsel for,

Texas Health Management, LLC ("THM").  According to relator, THM contracted with the

HealthSpring business unit within Cigna ("Cigna-HS") from 2010 to January 2017 to perform

so-called "360" health assessments of Medicare Part C[1] beneficiaries who are covered by Cigna-

HS.  On October 2, 2017, and after having provided pre-filing disclosures to this Office, relator

filed the complaint under the *qui tam* provisions of the False Claims Act.  The Government

received service of the relator's *qui tam* complaint on or about October 3, 2017.

The crux of relator's allegations is that Cigna-HS has defrauded the Government by

submitting unreliable diagnosis codes to CMS for the Part C beneficiaries covered by Cigna-HS,

in order to inflate the "risk score" assigned to those beneficiaries by CMS, and, thereby, allow

Cigna-HS to receive more risk-based payments from CMS.

---

[1]    Part C is the managed care part of the Medicare program.  More specifically, health insurers contract with the Centers for Medicare and Medicaid Services ("CMS") to provide coverage to Medicare beneficiaries for hospital care, doctors' visits, and other benefits offered under Medicare Parts A and B.

2

More specifically, relator alleges he has learned from his involvement with THM that Cigna-HS has been using THM and five other contractors to have nurse practitioners ("NPs") visit Cigna-HS's Part C beneficiaries to conduct annual health assessments – the so-called "360" visits. According to relator, Cigna-HS designed the "360" visits such that the NPs were required to ask the Part C beneficiaries whether they have any of a long list of serious health conditions, such as lung cancer and end stage liver disease. The NPs also were instructed to document in their "360" reports all the conditions reported by the patients – even though an NP typically had no way to determine in a home visit whether there is clinical evidence of any such conditions.

Relator alleges that Cigna-HS would then submit to CMS the diagnosis codes for *all* the conditions identified by the NPs in their 360 reports, irrespective of whether there was any corroborating clinical evidence. According to relator, Cigna-HS did so because it knew that having more diagnosis codes for severe medical conditions like cancer would cause CMS to assign higher risk scores for the Part C beneficiaries covered by Cigna-HS and would, in turn, result in CMS making higher risk-based payments to Cigna-HS.

## THE GOVERNMENT'S ONGOING INVESTIGATION

Upon receiving relator's disclosure materials, this Office promptly began to investigate his claims once he presented his allegations. As a starting point, we notified the Office of Inspector General for the Department of Health and Human Services ("HHS-OIG") as well as colleagues in the U.S. Attorney's Office for the Eastern District of Pennsylvania ("USAO-EDPA"), which was investigating whether Cigna-HS has used other means to improperly obtain higher risk-based payments. In November 2017, we conducted an extensive interview of the relator to explore the facts and evidence underlying his allegations.

Since our initial seal extension request in December 2017, we have continued to actively investigate relator's allegations. Specifically, in January 2018, we conducted a follow-

3

up interview with the relator.  We also held several in-person and telephonic meetings with

relator's attorneys at the Constantine Canon law firm since they became involved in March.

Based on the information provided by the relator and his counsel, we have issued

civil investigative demands ("CIDs") to Cigna-HS as well as several vendors that, like THM,

carried out the "360" assessments for Cigna-HS.  We have had discussions with counsel for each

of the entities that received CIDs, and those entities have begun producing documents

responsive to requests we made.

By way of next steps, we expect to continue to work with relator's counsel to refine

the focus of the investigation and to tailor the CID productions by Cigna-HS and its "360"

vendors on the relevant issues.  In the meantime, we plan to identify and try to interview former

employees of the vendors to gain a better understanding of the actual "360" assessment process.

Finally, based on the information we gain from reviewing the CID document productions and

the interviews of former employees, we may issue additional CIDs to interview or depose

executives at Cigna-HS and the 360 vendors.

We respectfully submit that these ongoing investigative activities constitute good

cause under 31 U.S.C. §3730(b)(3) for the Court to extend by six months the statutory period

under which relator's complaint, other documents, and this Court's orders shall remain under

seal, and during which the Government must determine whether to intervene as to some or all of

relator's claims.  Further, relator has consented to the requested extension of the seal.

Accordingly, we respectfully request that the Court extend the seal from June 4 to December 4,

2018, to provide additional time for the Government to complete this investigation.

## <u>CONCLUSION</u>

For the foregoing reasons, we respectfully requests that the Court enter the enclosed proposed order, extending until December 4, 2018, the seal and the time by which the Government must decide whether to intervene in this action.

Dated:   New York, NY
         June 4, 2018

                              GEOFFREY S. BERMAN
                              United States Attorney

                    By:      _____/s/ Li Yu_____
                              LI  YU
                              RACHAEL L. DOUD
                              Assistant United States Attorneys
                              86 Chambers Street, Third Floor
                              New York, New York 10007